IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PIERRO JACKSON,                    §
                                   §
            Plaintiff,             §
                                   §
V.                                 §        No. 3:22-cv-2113-E-BN
                                   §
CLAY COOLEY LLC,                   §
                                   §
            Defendant.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Pierro Jackson filed a *pro se* complaint against his former employer, Defendant Clay Cooley LLC (Cooley). *See* Dkt. No. 3. Cooley moved to dismiss the complaint. *See* Dkt. No. 7. Jackson responded. *See* Dkt. No. 10. And Cooley replied. *See* Dkt. No. 11.

This lawsuit is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. Nos. 5, 13.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant the motion and dismiss the complaint for Jackson's failure to allege a claim on which relief may be granted.

**Legal Standards**

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal*

*Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

So, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it

into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, Fᴇᴅ. R. Cɪᴠ. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, Fᴇᴅ. R. Cɪᴠ. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

Jackson, a car salesman, alleges that Cooley wrongfully fired him, withholding his November and December bonus checks, and he asserts claims under the Fourteenth Amendment and for discrimination. *See generally* Dkt. No. 3; *see id.* at 26 (Cooley "denied me my bonus and took customers from me and gave to other sale[s persons].").

Jackson's complaint is difficult to follow. But, in moving to dismiss his claims, Cooley liberally construes Jackson as alleging that Cooley violated the Fourteenth Amendment and Title VII of the Civil Rights Act of 1964 "for allegedly subjecting him to harassment by way of denying him wages and cruel and unusual treatment on the basis of his race, age, criminal history and '[in]ability to move and understand as well as others.'" Dkt. No. 7 at 1.

The undersigned agrees with this construction with one exception. Jackson

need not provide a legal theory for the claims he alleges. *See Johnson*, 574 U.S. at 12 ("Having informed [a defendant] of the factual basis for their complaint, [a plaintiff is] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim," so a plaintiff need not "set out a legal theory for the plaintiff's claim for relief." (cleaned up)).

So, insofar as Jackson may have cited Title VII, the Court should not dismiss a claim to the extent that the facts alleged do not support liability under Title VII but better fit another statute, such as the Age Discrimination in Employment Act or the Americans with Disabilities Act.

Starting with Jackson's contentions that Cooley violated his constitutional rights, "[a] plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))).

But Jackson makes no allegations that Cooley acted under color of state law. So his Fourteenth Amendment claim fails.

Next, insofar as Jackson alleges claims for wrongful employment practices, Cooley argues that the claims are untimely based on the length of time between Jackson's termination and his filing an EEOC charge (more than 500 days), asserting that the Court may take judicial notice of the charge as a matter of public record. *See* Dkt. No. 7 at 8-9; *see also King v. Life School*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). It appears that Cooley intended to attach the charge to its motion to dismiss. *See* Dkt. No. 7 at 8. But it did not. And the actual charge is not attached to the complaint nor, it appears, otherwise included in the record. So the undersigned will address whether Jackson has alleged plausible employment-based claims.

To plausibly allege (and ultimately prove) a claim of discrimination under Title VII, for example, requires that Jackson either rely on direct evidence of discrimination or, in the alternative, proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

Because Jackson's allegations do not implicate direct evidence of discrimination, he must proceed under the applicable burden-shifting analysis and first articulate a prima facie case as to racial discrimination, the elements of which

are that Jackson

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

Jackson need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But he must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

And Jackson "must plausibly set out facts that [Cooley] 'took the adverse employment action against [him] *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*).

In sum, at this stage, the Court must ask whether Jackson has alleged enough facts, accepted as true, to allege an actionable claim of discrimination. *See*

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if he "has not pled such facts," it is "proper[ to] dismiss" such a claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Jackson at least alleges a protected status based on race. He also alleges that he was discharged. But, even if the Court can infer from Jackson's allegations that he was qualified for his position, as he was employed in the position from which he was terminated, *see, e.g.*, *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 350-51 (5th Cir. 2007), he provides no facts to support the fourth essential element: that he was at least treated less favorably than other similarly situated employees outside the protected group by identifying a comparator, someone "under nearly identical circumstances," *Lee v. Kan. City So. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991)).

"[C]ritically, the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions. If the 'difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer,' the employees are not similarly situated for the purposes of an employment discrimination analysis." *Id.* (footnotes omitted).

And, should the complaint be construed as also alleging a hostile workplace, none of Jackson's allegations alone or in combination are sufficiently severe or pervasive to have altered the conditions of his employment.

"Hostile work environment is a specific discrimination claim under Title VII." *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 18-19 (1993)). "When a 'workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," Title VII is violated.'" *Id.* (quoting *Harris*, 510 U.S. at 21 (quoting, in turn, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986))).

A required prima facie element of a claim of hostile work environment is that "the harassment complained of affected a term, condition, or privilege of employment." *Johnson*, 7 F.4th at 399-400 (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). "To affect a term, condition, or privilege of employment, the harassing conduct 'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *E.E.O.C. v. Boh Bros. Constr. Co., 731 F.3d 444, 453 (5th Cir. 2013) (en banc)* (cleaned up; quoting *Aryain v. Wal-Mart Stores of Tex., L.P.*, 534 F.3d 473, 479 (5th Cir. 2008)).

Courts in this circuit apply "an objective 'reasonable person' standard to evaluate severity and pervasiveness." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)).

This inquiry "requires that the court consider 'all the circumstances,' including

'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Johnson*, 7 F.4th at 400 (quoting *Harris*, 510 U.S. at 23). But "no single factor is required." *Harris*, 510 U.S. at 23.

The Court should therefore grant Cooley's motion and dismiss the complaint.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Jackson an opportunity to explain how he would cure the deficiencies identified above (that is provide enough facts to plausibly allege all elements of each claim) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Jackson fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should grant Defendant Clay Cooley LLC's motion to dismiss [Dkt.

No. 7] and dismiss this lawsuit with prejudice unless, within the time to file objections to these findings, conclusions, and recommendation, Plaintiff Piero Jackson satisfactorily shows that he can amend his complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE